# Mary A. Herdman

## *v.*

## Charles T. Pace.

1. MARRIED WOMEN — *mortgage by, without joinder by husband.* A mortgage, given by a married woman residing with her husband, to secure the purchase money of real estate purchased by her, in which her husband does not join, as required by the statute in force at the time, and acknowledged simply as a *feme sole*, is absolutely void.

2. CHANCERY PRACTICE — *relief not sought by the pleadings.* On bill to foreclose a mortgage, which is void as being given by a married woman without her husband uniting in its execution, no decree can be entered for the enforcement of a vendor's lien, where the bill makes no such case, and is not framed for any such relief.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. POLLOCK & KELLER, and Mr. T. S. CASEY, for the plaintiff in error.

Messrs. CREWS & HAYNES, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill for the foreclosure of a mortgage executed by Mary A. Herdman, on the 2d day of January, 1871, on certain described lots of land, in the town of Mt. Vernon, in this State, to secure the payment of four promissory notes of the same date, made by her, of the amount in all of $2910.

A decree passed against her as to a portion of the property, to reverse which she prosecutes this writ of error.

It appears that at the time of the execution of the notes and mortgage, and ever since, the said Mary A. Herdman was and has been the wife of William H. Herdman, living with him as such; that the notes and mortgage were executed by herself alone, her husband not joining in the mortgage, and that her acknowledgment of the mortgage was only in the form as in the case of a *feme sole*, and not in the mode prescribed by the statute at that time, as necessary in the case of a married woman for the conveyance of her land. The mortgage, for want of the joinder therein of the husband, and of the mode of acknowledgment required by the statute, as the law then stood, was absolutely void, as has been frequently decided by this court. See *Elder et al.* v. *Jones et al., post,* p. 384, where the question is more fully considered.

The court below found that there was due the complainant, as purchase money of lot twenty-nine, and twenty feet off the south side of lot thirty-two, in the town of Mt. Vernon, Illinois, (a portion of the property included in the mortgage,) the sum of $4290,—decreeing, for its satisfaction, the sale of such part, and that the other land in the bill was not subject to the plaintiff's claim. However it might be in the evidence,

there was not, in the allegations of the bill, any foundation for such a decree in respect of purchase money. The bill was one merely to foreclose the mortgage,—it was not framed to enforce a vendor's lien, not containing a single allegation to justify the granting of relief on that score.

The decree will be reversed and the cause remanded, with leave to the complainant to amend his bill, so as to present any other ground of equitable relief he may have.

*Decree reversed.*